## BOHART vs HULL.

### Opinion delivered October 1, 1898.

*1.* *Restoration of Lost Records.*

Sections 5347–5357 of Mansfield's Digest, providing for restoring lost records were not put in force in the Indian Territory, by the act of March 1, 1889, as they do not relate to "practice, pleadings and forms of proceedings in civil actions."

*2.* *Restoration of Lost Records—Evidence.*

Even if §§ 5347–5357 of Mansfield's Digest were in force in the Indian Territory, under the proviso to § 5356, secondary evidence is admissible to establish the contents of a lost or destroyed record.

3. *Authentication of Records—When not Necessary—Judicial Notice.*

> There is but one court in each of the several districts in the Indian Territory, though each court holds terms of court at several places within the District, and the court when holding court at one place will take judicial notice of its proceeding at other places, and it is not necessary that the records of the court be authenticated in accordance with §§ 905 and 906 of the Revised Statutes of the United States, when they are offered in evidence at another place in the same district.

Appeal from the United States Court for the Southern District.

C. B. KILGORE, Judge.

Action by William Hull against J. C. Bohart. Judgment for plaintiff. Defendant appeals. Affirmed.

This is an appeal from a judgment rendered in the United States Court for the Southern district of the Indian Territory, at Purcell, in said district, against the appellant, J. C. Bohart, in favor of William Hull, appellee. Plaintiff, hereinafter known as appellee, alleges in his complaint that his cause of action is upon a redelivery bond alleged to have been signed by appellant, J. C. Bohart, and others. He also alleges in his complaint that said bond, and all the papers in the action in which it was given, were destroyed by fire on the 19th day of April, 1895, at Ardmore, Ind. T., but he did not attach a copy of the bond to his complaint. Bond was dated November 27, 1893. The appellant filed his motion to make the complaint more definite and certain by attaching a copy of the bond, and stating the date of signing it. The court overruled said motion, to which the defendant excepted. The appellant, J. C. Bohart, then filed his demurrer to the complaint, which the court overruled, and the defendant excepted. The appellant then filed his answer. The cause was then tried before a jury, and a verdict render-

ed in favor of the plaintiff, William Hull, and against the defendant, J. C. Bohart, for the sum of $631.44 and interest, from which judgment appellant, J. C. Bohart, appealed to this court.

*Chas. M. Fechheimer, M. M. Beavers,* and *J. W. Cherryhomes,* for appellant.

*J. F. Sharp,* for appellee.

SPRINGER, C. J. The appellant assigns but two errors to which attention is required.

The first assignment of error is on account of overruling the motion to make the complaint more definite and certain. The demurrer to the complaint was properly overruled, in view of the court's opinion as to the motion to make the complaint more definite and certain. The suit was on a redelivery bond, which was destroyed by a fire which burned up the court house at Ardmore, April 19, 1895. Counsel for appellant contend that the court should have required appellee to file a copy of the bond sued on. He could not do this on account of the destruction of the instrument by fire. But it was further contended that it was the duty of appellee to institute proceedings for restoring the records of the court as provided in sections 5347 to 5357 of Mansfield's Digest. These sections were not put in force by the act of May 2, 1890, but appellant insists that they were put in force by the act of March 1, 1889, § 6. The proviso to the last named act is to the effect "that the practice, pleading and forms of proceeding in civil cases shall conform, as near as may be, to the practice, pleadings and forms of proceeding existing at the time in like cases in the courts of record of the state of Arkansas." While this provision put in force in the Indian Territory the action of ejectment, as decided by this court in the case of Wilson vs Owens, 1 Ind.

Ter. 163, we are of the opinion that it did not put in force in the territory sections 5347 to 5357 of Mansfield's Digest, for the reason that the sections mentioned do not relate to "the practice, pleading and forms of proceedings in civil actions," but they point out a method by which lost or destroyed records may be restored. But, if these sections were in force in the Indian Territory, they would not prevent the courts from proving lost records by the other well-known methods. The proviso to section 5356 is to the effect that nothing in the sections indicated shall be so construed as to prevent any of the lost or destroyed records therein provided for to be reinstated and established by any other mode known or recognized by existing law. Secondary evidence is admissible to establish the contents of documents which have been lost or destroyed. Steph. Dig, Ev. p. 136. It was admitted in the case at bar that the bond sued on was destroyed by the Ardmore fire, which destroyed the court house.

*Restoring lost Record.*

The third assignment of error is as follows : "That the court erred in admitting in evidence on behalf of plaintiff a copy of the marshal's docket of another court, showing indorsements on original writ, over the objection of defendant, while the witness E. C. Carter was on the witness stand, which said copy of the docket was not certified or authenticated as provided by law." The marshal of the court at Ardmore is the marshal of the court at Purcell. There is but one court, and that is held at different places in the same district. The court when held at one place will take judicial cognizance of the proceedings of the court wherever held in the district. The jurisdiction of the court is the same at all places of holding court. Graham vs Stowe, 1 Ind. Ter. 405. The authentication of records, as provided for in sections 905 and 906 of the Revised Statutes of the United States, only applies to the records of "other courts." The

*Judicial notice of proceedings of court at other places.*

sections do not apply to the records of the United States Courts in the Indian Territory, when used in the judicial district at other places of holding court in the same district. The case at bar was begun at Ardmore, and afterwards transferred for trial to Purcell. The record does not set forth the evidence in the case. Failing to do so, this court will assume that the evidence submitted to the jury was sufficient to support the verdict. Hall vs Needles, 1 Ind. Ter. 146. There is no reversible error in the record. The judgment of the court below is affirmed.

CLAYTON and TOWNSEND, JJ., concur.