FARR et al. v. SPURCK et al.

No. 35004. Sept. 16, 1952.

*248 P. 2d 245.*

Lee Welch, Antlers, for plaintiffs in error.

Tom Finney, Idabel, for defendants in error.

GIBSON, J. John G. Farr, the ancestor of all plaintiffs in error, was formerly the owner of 390 acres of land in Pushmataha county. This action was commenced by his heirs, who sought to cancel a county treasurer's tax deed and to quiet title to the land. Hereafter we shall refer to plaintiffs in error as plaintiffs.

In 1921 John G. Farr, to secure a debt, executed a deed of trust on said land to Andrew Kingkade, trustee, who later surrendered his trust and H. P. Doughty was appointed successor trustee. The deed of trust and designation of successor trustee were recorded. In 1929, alleging nonpayment of the bonds secured by the deed of trust, Doughty began an action against John G. Farr to foreclose the deed of trust, being cause No. 2426 district court, Pushmataha county. On March 21, 1929, judgment was rendered against Farr for $7,102, with attorney's fees and costs for foreclosure of the lien.

Pursuant to an order of sale the land was sold by the county sheriff to H. P. Doughty on October 28, 1929, and a sheriff's deed to Doughty was executed and delivered to Doughty's attorneys. This deed was misplaced and lost before recording. No appeal was taken, and the judgment in cause No. 2426 has become final.

The bonds secured by the deed of trust were owned by various investors. Following the foreclosure proceedings and the execution and delivery of the sheriff's deed, several of the bondholders failed and refused to contribute to the payment of the expense of foreclosure, and for the protection of those contributing to such expense defendant E. L. Spurck purchased a tax certificate on the property from one Ray McClain who had purchased the certificate at an annual tax sale held November 5, 1928. On November 16, 1931, Spurck was issued a certificate tax deed by the county treasurer, which was recorded. Thereafter Spurck commenced an action against Doughty and the other bondholders to quiet his title

to the involved land in case No. 2957 district court, and on July 14, 1932, judgment was rendered in favor of Spurck. This judgment became final. On October 20, 1945, Spurck conveyed an undivided two-thirds interest in the property to his codefendant Edward J. Cashin, Jr.

It was stipulated by the parties that the county courthouse was destroyed by fire on July 5, 1933, and that the district court records, exhibits and files pertaining to the aforesaid actions were destroyed.

Nearly 13 years later plaintiffs commenced this action.

In their petition they deraign the title of John G. Farr, which was admitted on the trial. Plaintiffs further alleged that the debt which the deed of trust secured has been "paid, satisfied and discharged." There is no contention that plaintiffs or their ancestor, John G. Farr, paid or satisfied the debt involved in case No. 2426 or any part of the taxes involved in case No. 2957. If the mortgage debt was ever disposed of it was because the liens of the bondholders were canceled in the tax sale proceedings. Plaintiffs attack the treasurer's tax deed as being invalid, basing their contentions on the grounds that the annual tax sale notices were defective and not published for the time required by law and because such notices did not set out the time and place of the annual sale. It was stipulated that defendants have been in possession of the property since the issuance of the tax deed in November, 1931.

On stipulation the treasurer's tax deed to E. L. Spurck, recorded November 16, 1931, and notices of delinquent tax sales, were admitted in evidence. The first two notices of sale were garbled and did not specify the time or place of sale. Aside from the stipulations herein mentioned, plaintiff Arthur T. Farr testified that a reasonable rental value of the lands during the years of possession by defendants would be $200 to $250 per year. Thereupon plain-

tiffs rested, and defendants' demurrer to plaintiffs' evidence was overruled.

At the conclusion of defendants' evidence on July 26, 1950, the trial court rendered judgment finding that defendants were the legal owners of the involved land in undivided interests; that their title was valid and superior to any of the other parties to the action including the plaintiffs and other defendants, the former trustees and other creditors of John G. Farr.

The court upheld the validity of the foreclosure proceedings in cause No. 2426, and found that by virtue of the sheriff's deed issued therein John G. Farr was divested of all right, title and interest to the lands. After finding that the records and files were destroyed in the courthouse fire and that secondary evidence was admissible to prove their substance, the court found that both of the named cases were completed and closed prior to the death of plaintiffs' ancestor, John G. Farr, on January 31, 1934, and that plaintiffs therefore had no right, title or interest in the lands involved as subject of the instant action which would authorize them to attack the recorded treasurer's deed conveying the lands to defendant Spurck. Plaintiffs were denied any recovery and title was quieted in defendants.

For reversal plaintiffs argue that defendants cannot justify any claim of title under the sheriff's deed in cause No. 2426 because there was never any transfer of rights by the grantee of such deed; that defendants can assert title only under the certificate tax deed which they allege is void; and that the trial court erred in admitting in evidence carbon copies of the instruments, pleadings and exhibits filed in causes Nos. 2426 and 2957, which were "unsigned, unexecuted, unacknowledged and not verified in any manner", without which defendants could not and did not establish title.

The sheriff's deed in cause No. 2426 was issued January 3, 1930. The court-

house was burned on July 5, 1933, destroying the court records. This action was commenced March 27, 1946, but the trial was not had and judgment rendered until July 26, 1950. Many of the actors in the original legal proceedings were deceased at the time of the trial.

A. W. Trice, a highly respected member of the Oklahoma Bar, was one of the attorneys representing Doughty, trustee, as plaintiff in the foreclosure case No. 2426, and he had preserved his office files of the proceedings. His law partner, Mr. Burke, an associate, H. W. Harris of Oklahoma City, his client Doughty and John G. Farr, former owner of the land, were all deceased at the time of the trial. So far as this record reveals the only copies of any of the destroyed records, in existence, were in the files of attorney Trice.

He testified and produced copies of his firm's correspondence from which his memory was refreshed concerning the dates of various exhibits. He produced his office carbon copies of the petition filed in Doughty v. Farr; the service of process; the judgment rendered, the order of sale and sheriff's return thereon, the notice of sale and the motion to confirm the sale. A copy of the order of confirmation was missing from his file but from his correspondence he testified that the sale was confirmed on December 19, 1929. He produced a carbon copy of the sheriff's deed. He testified that all pleadings and orders were properly executed and filed, and that the original sheriff's deed, now missing, was sent to attorney Harris.

Mr. Trice was also attorney in cause No. 2957, above mentioned, and he testified and from his files produced his office carbon copies of various pleadings and the judgment rendered in said cause. Plaintiffs objected to his oral testimony and to the admission of all exhibits in evidence.

We hold that, under all the circumstances of this case, the admission of secondary evidence, both oral and written, was proper.

Tit. 67 O.S. 1941 §64 provided:

"In all cases under the provisions of this Article and in all proceedings or actions instituted as to any estate, interest, or right in or any lien or incumbrance upon any lots, pieces or parcels of land, when any party to such action or proceedings, or his agent or attorney in his behalf shall orally in court, or by affidavit, to be filed in such action or proceedings, testify and state under oath that the original of any deeds conveyances, or other written or record evidence, has been lost or destroyed, or that it is not in the power of the party wishing to use it to produce the same, on the trial and the record thereof has been destroyed by fire or otherwise, the court shall receive all such evidence as may have a bearing on the case to establish the execution or contents of the deeds, conveyances, records, or other written evidence so lost or destroyed; Provided, that the testimony of the parties themselves shall be received subject to all the qualifications in respect of such testimony which are now provided by law."

In Adkins v. Wright, 37 Okla. 771, 131 P. 686, we held:

"Where the execution and delivery of a written conveyance in a chain of title has been proved, together with the fact of its loss or destruction, relevant secondary evidence may be used in proof of the fact of its existence and contents."

Under the stipulations herein defendants had been in possession of the property and had paid taxes thereon since November, 1931. In Adkins v. Wright, supra, we further held:

"Where there is a missing link in an otherwise perfect chain of title, and there is any competent proof of the execution, delivery, and subsequent loss of a deed which would supply the missing link, such evidence, together with any evidence of long peaceable possession without adverse claim, the payment of taxes, the failure of the other claimant to assert his rights with

knowledge of such possession, etc., should be submitted to the jury on the question of whether such alleged lost deed had in fact ever existed."

In McCormick v. Stonebraker, 133 Okla. 34, 270 P. 1098, we held:

"Where a party makes a reasonable showing at the trial that the primary evidence is lost or otherwise unavailable without his fault, it is not error to permit the introduction of secondary evidence."

Plaintiffs cite In re Cox's Estate, 124 Okla. 254, 255 P. 680. That case is not in point. It dealt with the admission in evidence of a nunc pro tunc order obtained without notice. Plaintiffs cite other sections of Tit. 67 O.S. 1941, providing for restoration of lost records and admission of certified copies of instruments to perfect titles. But the cited sections are not exclusive and in view of section 64 they do not provide the only method of proving lost or destroyed instruments.

In the instant case issues were joined on the question as to whether or not the questioned instruments ever existed. The evidence was competent on that issue. The issue being presented and the foundation being laid by the admitted destruction of the original records, secondary evidence was admissible to prove the contents of the records. This was held to be true in an early case arising in the Indian Territory, where court records were destroyed in a courthouse fire. Bohart v. Hull, 2 Ind. Ter. 45, 47 S. W. 306.

The judgment in the foreclosure proceedings and the sheriff's deed deprived John G. Farr of all right, title or interest that he had in the real property and that judgment has become final. Since the ancestor of plaintiffs was deprived of his title, during his lifetime, the plaintiffs have no title which would establish them as real parties in interest or enable them to attack the validity of the tax sale proceedings brought subsequent to the suit in foreclosure. Colebrook Guaranty Savings Bank v. Lambert, 172 Okla. 80, 44 P. 2d 117. Since plaintiffs' ancestor was deprived of his title to the real property the plaintiffs claiming under him cannot here complain of the judgment sustaining the validity of the treasurer's tax deed in case No. 2957. No question is raised as to the validity of the sale to Pushmataha county for delinquent taxes. It is of no consequence to plaintiffs whether the title under the tax proceedings is legally vested in the county or in Spurck, the grantee in the treasurer's deed. Under authority of the Lambert case, supra, plaintiffs will not be heard to complain of the validity of the tax deed. Nor can they complain that there was no conveyance from the grantee in the sheriff's deed to defendants. Plaintiffs must stand on the strength of their own title and not on the alleged weakness of defendants' title.

"Where a jury is waived, the findings of fact and judgment of the court in such action, where reasonably supported by the evidence, will not be disturbed on appeal." McCormick v. Stonebraker, supra.

We have examined the record and find that the evidence reasonably supports the judgment of the trial court.

Affirmed.

ARNOLD, C.J., and CORN, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.